George Postel, J.
The defendant was convicted of robbery in the third degree in 1949 and committed to the Reception Center at Elmira for classification, etc. While on parole he was arrested for carrying a pistol, a felony, and as a multiple offender was sentenced to State prison for a term of 5 to 7 years. The defendant maintains that since he was under 21 years of age and was committed >to the Reception Center according to article 3-A of the Correction Law, his previous conviction is not a felony. The defendant concedes he was convicted of robbery in the third degree; under section 2129 of the Penal Law he could have received a term not exceeding 10 years; now the definition of a felony is a crime punishable by imprisonment in a State prison (Penal Law, § 2) and the true test is the maximum punishment a person could receive (Matter of Robinson v. Board of Regents (4 A D 2d 359). Therefore the crime for which the defendant was convicted was a felony. Under subdivision 1 of section 61 of the Correction Law the court is obliged in sentencing a felon between the ages of 16 to 21 to commit him to the Reception Center at Elmira for classification, etc. Under subdivision 2 of section 61 of the Correction Law, if the court in pronouncing sentence does not fix any stated term, the length of sentence is determined by section 2184-a of the Penal Law; if a felony his term shall not exceed 5 years, if a misdemeanor not more than 3 years. Therefore, the fact that the court did not pronounce a term of imprisonment subjected the defendant under section 2184-a of the Penal Law to imprisonment not to exceed five years. Motion denied.